# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, DC 20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: +1.202.879.3835
bshumate@jonesday.com

December 20, 2023

**VIA CM/ECF**

Mr. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

> Re: *Consumers' Research et al. v. Consumer Product Safety Commission*, No. 22-40328 (5th Cir.) (oral argument held March 6, 2023)

Dear Mr. Cayce:

I write in response to the government's letter, ECF 131 ("Letter"), invoking the Court's decision in *Illumina, Inc. v. Federal Trade Commission*, No. 23-60167 (5th Cir. Dec. 15, 2023). That decision is unilluminating here.

One paragraph in *Illumina* addressed Illumina's "claim[] that the FTC unconstitutionally exercised executive powers while insulated from presidential removal in violation of Article II." Op. 6. The Court rejected that claim because the Supreme Court upheld the FTC's for-cause removal restriction in *Humphrey's Executor v. United States*, 295 U.S. 602 (1935), reasoning that "the FTC was vested with quasi-legislative/quasi-judicial authority rather than purely executive authority." *Id.* This Court observed that "the FTC's powers may have changed since *Humphrey's Executor* was decided," but that question "is for the Supreme Court, not us, to answer." *Id. Humphrey's Executor* is thus "binding" in challenges to the FTC's removal restriction. *Id.*

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Mr. Lyle W. Cayce
December 20, 2023
Page 2

      Unlike *Illumina*, this case involves a challenge to *the Consumer Product Safety Commission's* structure, not *the FTC's*—which renders inapposite this Court's discussion. The government nevertheless tries (again) to shoehorn this case into *Humphrey's Executor*, arguing: (a) if *Humphrey's Executor* is binding in challenges to the FTC's structure, and (b) if "the modern FTC wields similar power to the CPSC," then (c) *Humphrey's Executor* is also binding in this case. Letter 2. Wrong. *Humphrey's Executor* is binding in challenges to the FTC's structure because *Humphrey's Executor* literally rejected such a challenge. Not so as to the CPSC. By its own terms, moreover, *Humphrey's Executor* creates an exception only "for multimember expert agencies that do not wield substantial executive power." *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2199-2200 (2020). Here, the district court rightly recognized that "'the *Humphrey's Executor* exception does not apply to the Commission'" because "the government did 'not dispute'—and in fact 'conceded'—that the CPSC wields 'executive power.'" Resp. Br. 11.

      The government's repeated invocation of *Humphrey's Executor* should be rejected for what it is—a demand that this Court "disregard Supreme Court precedent and extend *Humphrey's Executor* to permit a restriction on the President the Justices have never upheld." *Id.* at 2.

                                  Very truly yours,

                                    <u>/s/ Brett A. Shumate</u>
                                    *Counsel for Appellees Consumers'*
                                    *Research and By Two, L.P.*

cc:    counsel of record (via CM/ECF)

## CERTIFICATE OF SERVICE

I certify that on December 20, 2023, I served a copy of the foregoing on all counsel of record by CM/ECF.

Dated: December 20, 2023

/s/ Brett A. Shumate
*Counsel for Consumers' Research
and By Two, L.P.*

## CERTIFICATE OF COMPLIANCE

I certify that this letter is written in Century Schoolbook Std 14-point font, and the body of this letter contains 349 words as determined by the word-count feature of Microsoft Word.

Dated: December 20, 2023

/s/ Brett A. Shumate
*Counsel for Consumers' Research
and By Two, L.P.*
